IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
SEP - 8 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No.    Erie |
| | ) | |
| TYVARH NICHOLSON | ) | 20-40 |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a two-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Obstruction of law enforcement during civil disorder<br>On or about<br>May 30, 2020 | 18 U.S.C. §§ 231(a)(3) and 2 |
| 2 | Possession of an unregistered firearm/destructive device<br>On or about<br>May 30, 2020 | 26 U.S.C. § 5861(d) |

## II. ELEMENTS OF THE OFFENSES

A.   **As to Count 1:**

In order for the crime of obstruction of law enforcement during civil disorder, in violation of 18 U.S.C. §§ 231(a)(3) and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That a "civil disorder," as that term is defined by 18 U.S.C. § 232(1), existed at the time the defendant acted, or attempted to act.

2. That the civil disorder resulted in the obstruction or delay of "commerce," as that term is defined in 18 U.S.C. § 232(2), or adversely affected "commerce."

3. That the defendant committed an act, or attempted to commit an act for the intended purpose of obstructing, impeding or interfering, either by himself or with someone else, in a violent manner with a law enforcement officer or officers.

4. That the officer or officers were lawfully engaged in the performance of their official duties incident to and during the commission of the civil disorder.

5. That the defendant acted willfully.

See 18 U.S.C. §§ 231(a)(3), 232(1) and 232(2); see also, United States v. Casper, 541 F.2d 1275, 1276 (8th Cir. 1976).

B.   **As to Count 2:**

In order for the crime of possession of an unregistered firearm/destructive device, in violation of 26 U.S.C. § 5861(d), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly possessed a firearm.

2. That this firearm was a destructive device.

      3.      That the defendant knew of the characteristics of the firearm, that is, that it was a destructive device.

      4.      That this firearm could readily have been put in operating condition.

      5.      That this firearm was not registered to the defendant in the National Firearms Registration and Transfer Record. It does not matter whether the defendant knew that the firearm was not registered or had to be registered.

Third Circuit Model Criminal Jury Instruction 6.26.5861.

### III. PENALTIES

**A.    As to Count 1: Obstruction of law enforcement during civil disorder (18 U.S.C. §§ 231(a)(3) and 2):**

    1.    The maximum penalties for individuals are:

        (a)    imprisonment for not more than five (5) years

        (b)    a fine not more than the greater of:

            (1)    $250,000

                <u>or</u>

            (2)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)).

        (c)    a term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

        (d)    Any or all of the above.

      **B.**    **As to Count 2: Possession of an unregistered firearm/destructive device (26 U.S.C. § 5861(d)):**

      1.    A term of imprisonment of not more than ten (10) years (26 U.S.C. § 5871).

      2.    A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

      3.    A term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

      4.    Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable in this case.

### VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*/s/ Christian A. Trabold*

CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013