

U.S. Department of Justice

United States Attorney
Western District of Pennsylvania

Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street
Suite 4000
Pittsburgh, Pennsylvania 15219

412/644-3500

July 29, 2021

Neil E. Rothschild, Esquire
103 Moran Street
Oil City, Pennsylvania 16301

Re:   United States of America v.
      TYVARH NICHOLSON
      Criminal No. 20-40 Erie

Dear Mr. Rothschild:

This letter sets forth the agreement by which your client, TYVARH NICHOLSON, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between TYVARH NICHOLSON and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, TYVARH NICHOLSON will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, TYVARH NICHOLSON, agrees to the following:

           1.    He will enter a plea of guilty to Count Two of the Indictment at Criminal No. 20-40 Erie, charging him with violating 26 U.S.C. § 5861(d), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

LIMITED OFFICIAL USE

July 29, 2021
Page 2

2. He acknowledges his responsibility for the conduct charged in Count One of the Indictment at Criminal No. 20-40 Erie and stipulates that the conduct charged in Count One may be considered by the Probation Office or by the Court in calculating the guideline range and in imposing sentence.

3. If the Court imposes a fine or restitution as part of a sentence of incarceration, TYVARH NICHOLSON agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of his prison salary will be applied to pay the fine or restitution.

4. At the time TYVARH NICHOLSON enters his plea of guilty, he will deposit a special assessment of $100 in the form of cash, check, or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

5. TYVARH NICHOLSON waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

   (a) If the United States appeals from the sentence, TYVARH NICHOLSON may take a direct appeal from the sentence.

   (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, TYVARH NICHOLSON may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

1. After the imposition of sentence, the United States Attorney will move to dismiss the remaining count of the Indictment at Criminal No. 20-40 Erie,

July 29, 2021
Page 3

        without prejudice to its reinstatement if, at any time, TYVARH NICHOLSON is permitted to withdraw his plea of guilty. In that event, TYVARH NICHOLSON waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of any count dismissed pursuant to this agreement.

2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of TYVARH NICHOLSON in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

3. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

4. The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. TYVARH NICHOLSON and the United States Attorney further understand and agree to the following:

1. The penalty that may be imposed upon TYVARH NICHOLSON is:

   (a) A term of imprisonment of not more than ten (10) years;

   (b) A fine of not more than $250,000;

   (c) A term of supervised release of not more than three (3) years;

   (d) A special assessment under 18 U.S.C. § 3013 of $100.

2. This agreement does not preclude the government from pursuing any civil or administrative remedies against TYVARH NICHOLSON or his property.

3. The parties agree that, although a charge is to be dismissed pursuant to this agreement, TYVARH NICHOLSON is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, § 617 (Nov. 26, 1997) (known as the Hyde Amendment).

>   TYVARH NICHOLSON waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.
>
> 4. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between TYVARH NICHOLSON and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature]*

STEPHEN R. KAUFMAN
Acting United States Attorney


I have received this letter from my attorney, Neil E. Rothschild, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
TYVARH NICHOLSON

_____
Date

Witnessed by:

_____
NEIL E. ROTHSCHILD, ESQUIRE,
Counsel for TYVARH NICHOLSON

May 12, 2021
Page 4

        TYVARH NICHOLSON waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

4.     Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between TYVARH NICHOLSON and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,


STEPHEN R. KAUFMAN
Acting United States Attorney

I have received this letter from my attorney, Neil E. Rothschild, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

X _____
    TYVARH NICHOLSON

7.13.21
_____
Date

Witnessed by:

_____
NEIL E. ROTHSCHILD, ESQUIRE,
Counsel for TYVARH NICHOLSON