IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| V. | : | |
| TYVARH NICHOLSON | : | CRIMINAL NO. 20-40 |

**DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS**

AND NOW, comes the defendant, by and through his counsel, Neil E. Rothschild, Esq., and files his position with respect to sentencing factors, as follows:

1. Paragraph 10 and 18 state facts that are not supported by the record or evidence. Those paragraphs state the defendant threw bottles with gasoline with a lit wick at police. The defendant clearly stated at the time of the plea that they were not thrown at police and there was no intent to injure. The government did not object to the court taking the plea with those statements as part of the record. There is no video evidence of him throwing bottles at police. Rather, the video shows throwing the bottles in the vicinity of police but not close to police from a significant distance.

2. Paragraph 31 of the report adds a point to the criminal history score for a summary retail theft offense. Defendant asserts that the offense should not be counted pursuant to USSG § 4A1.2(c)(1) as it is a similar offense to a check for insufficient funds when applying the factors set forth in paragraph 12 of the application notes.

3. Paragraph 71 of the report indicates that the probation officer has not identified any factors that would warrant a departure from the applicable guideline range.

Defendant asserts he should receive a downward departure pursuant to USSG § 4A1.3(b) because his criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. Paragraph 37 of the report indicates the defendant has a total of 10 points putting his category score at 5. His score includes 3 points for a small amount of marijuana and disorderly conduct in 2012 (Paragraphs 29 and 30), 3 points for a dubious possession with intent to deliver for less than a gram of cocaine in 2014 (Paragraph 32), a point for a retail theft of diapers and formula in 2016 (Paragraph 33) and one point for returning a vehicle a few hours late after being given permission to use the vehicle, (Paragraph 34). It also includes the addition of 2 points for being on supervision at the time of the offense even though his last conviction for which he received time was back in 2014. The age of the convictions and the age of the defendant at the time of the offenses and the nature of the offenses all point to the criminal history category substantially over-representing the seriousness of the defendant's criminal history.

4. This honorable court should order a downward departure and change the applicable guideline range accordingly.

Respectfully submitted,

/s/ Neil E. Rothschild

_____

Neil E. Rothschild

103 Moran Street

Oil City, Pa. 16301

814-677-4588

F 814-676-0549

Pa.I.D. 50083